UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 15-20288 EEB |
| 1280 Horizons, LLC ) | |
| EIN: 45-4504876 ) | Chapter 7 |
| ) | |
| Debtor. ) | |

## MOTION TO APPROVE SALE OF OIL AND GAS LEASE

M. Stephen Peters, the Chapter 7 Trustee in the captioned case, by and through his attorneys, Buechler & Garber, LLC, respectfully moves for entry of an order approving the sale of an oil and gas lease under 11 U.S.C. § 363(f) as follows:

1.  1280 Horizons, LLC filed for protection under Chapter 7 of the Bankruptcy Code on September 14, 2015 ("Petition Date").

2.  M. Stephen Peters ("Trustee") is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

3.  It appears that, on the Petition Date, the Debtor was the record owner of an Oil and Gas Lease dated March 9, 1982 and recorded on March 22, 1982, at Reception No. 1886156 of the records of Weld County, Colorado, from the Town of Mead, as original lessor, to Calvin Petroleum Corporation, as original lessee, covering: Township 3 North, Range 68 Wst, 6th P.M.; Section 8: E/2SW/4 (the "Lease"), although the Debtor's claim of ownership has been challenged by Shoreline Energy Holdings II, Inc. ("Shoreline"), and is in dispute.

4.  The Trustee asserts that the Lease is an asset of the Debtor's Bankruptcy Estate pursuant to 11 U.S.C. § 541, although this assertion has also been challenged by Shoreline, and is in dispute.

5.  The Trustee seeks authority to sell the Lease to Shoreline (the "Buyer") for the sum of $5,000.00.

6. Upon entry of an order authorizing the sale of the Lease to the Buyer as described herein, and within 5 business days of receipt of the sum of $5,000.00,[1] the Trustee will Assign the Estate's interest, if any, in the Lease to the Buyer, by executing the Assignment of Oil and Gas Lease attached hereto as **Exhibit 1** and incorporated by reference herein. The Trustee is making no representation or warranties regarding the Lease.

7. To the best of the Trustee's knowledge, there are no persons or parties who hold a prior properly perfected lien or encumbrance against the Lease.

8. The Trustee seeks authority, pursuant to 11 U.S.C. 363(b) and (f) to sell the Lease to the Buyer outside the ordinary course of business and free and clear of any other interest in such property to the Buyer for the sum of $5,000.00.

9. The Trustee has investigated the value of the Debtor's interest, if any, in the Lease. Based upon the Trustee's investigation, the Trustee asserts that $5,000.00 is the highest and best price for the Debtor's interest in the Lease. The Trustee and his counsel has conferred with other purchasers and those who might have an ability to value the Lease, and no offer greater than $5,000 has been received, nor has a valuation of greater than $5,000 been received. Moreover, Buyer disputes that the Estate owns the lease, and asserts it is the owner of the Lease by purchase from the Debtor in a pre-bankruptcy transaction.

10. The Trustee asserts that the Buyer is a buyer in good faith, and is entitled to the protections of 11 U.S.C. § 363(m). The purchase price was negotiated at arm's length. There is no relationship between the Buyer and the Trustee or his counsel.

11. For the reasons set forth above, the Trustee asserts that approval of the sale of the Lease as here in described is in the best interest of this bankruptcy estate and the creditors.

WHEREFORE, the Trustee, M. Stephen Peters, respectfully requests that this Court enter an order, a proposed form of Order is filed herewith, (a) authorizing the Trustee to sell the Lease to the Buyer for the sum of $5,000.00 under 11 U.S.C. §§ 363(b) and (f); (b) authorizing the Trustee to execute and deliver all documents necessary to effectuate the transfer of the Lease to the Buyer; (c) finding that the Buyer is a buyer in good faith, entitled to the protections of 11

---

[1] If the $5,000 is paid by check, the $5,000 shall not be deemed received until the check has cleared the bank.
ACTIVE\51124886.v1-9/27/17
ACTIVE\51221290.v1-10/2/17

U.S.C. § 363(m); and (d) for such further and additional relief as to his Court appears proper.

Dated: October 26, 2017

Respectfully submitted,

By: /s/ Aaron A. Garber
　　Aaron A. Garber #36099
　　**BUECHLER & GARBER, LLC**
　　999 18th Street, Suite 1230S
　　Denver, CO 80202
　　Telephone: (720) 381-0045
　　Telecopy: (720) 381-0382
　　E-Mail: aaron@bandglawoffice.com

EXHIBIT 1

## ASSIGNMENT OF OIL AND GAS LEASE

This Assignment of Oil and Gas Lease ("Assignment") is effective as of _____, 2017 (the "Effective Date"), by and between **M. Stephen Peters** ("Assignor"), whose address is Box 4610, Fisco, CO 80443, acting in his capacity as Chapter 7 Bankruptcy Trustee for the bankruptcy estate of 1280 Horizons, LLC, and **Shoreline Energy Holdings II, Inc.** a Delaware corporation ("Assignee"), whose address is 400 8th Ave. SW, Ste. 209, Calgary, Alberta T2P 1B8. Assignor and Assignee may be collectively referred to herein as the "Parties," and each individually as a "Party."

### Recitals

A.   1280 Horizons, LLC, a Delaware limited liability company (the "Debtor"), filed bankruptcy on September 14, 2014 under provisions of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code), and Assignor is the duly appointed as Chapter 7 Bankruptcy Trustee for the Debtor in the bankruptcy case that remains pending in the United States Bankruptcy Court for the District of Colorado (the "Court") under Case No. 15-20288 (the "Bankruptcy Case"); and

B.   Assignor, on behalf of the Debtor, asserts an interest in certain Assets as herein identified, and has agreed to sell the Debtor's interest in the Assets to Assignee, free and clear of liens, claims and interests of the Debtor and all others under Sections 363(b), (f) and (m) of the Bankruptcy Code, conditioned upon the approval of the conveyance and the Assignors execution hereof by the Court in the Bankruptcy Case.

C.   Assignor makes no representations or warrants of any kind or nature and is selling the Debtor's Assets as is and where is. To clarify, and not to limit the foregoing, the Assignor makes no representations as to Assignors interest in the Assets except that upon approval of the Court, Assignor shall have the right and power to sell and transfer the Debtor's interest in the Assets under and pursuant to this Assignment.

NOW THEREFORE, for and in consideration of $10.00, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor hereby grants, transfers, bargains, sells, conveys, assigns and delivers unto Assignee any and all of the Debtor's right, title and interest in and to the following owned as of the Effective Date (collectively, the "Assets"):

(a)   The oil and gas lease listed on **Exhibit "1"** (collectively, "Lease"), attached hereto and incorporated herein, insofar as the same covers the lands identified on **Exhibit "1"** (collectively, "Lands") specifically including the operation thereof and all hydrocarbon production therefrom;

(b)   All pooled, communitized or unitized acreage, which includes all or any part of the Lease and Lands (collectively, "Unit"), including all tenements, hereditaments and appurtenances belonging thereto;

(c)   All hydrocarbons within, produced from or attributable to the Lease, Lands and Unit, and all proceeds or accounts receivable resulting from the sale of any such hydrocarbons, specifically including all inventoried and/or stored hydrocarbon production;

(d)   All wells, facilities, infrastructure, equipment, pipe, flowlines, pipelines, meters, separators, heater-treaters, vapor recovery units, tanks, and all other related facilities, inventory and equipment associated with, appurtenant to, or necessary for the production of hydrocarbons from the Lease, Lands and Unit (collectively, "Facilities");

(e)   All interests and rights in all easements, permits, rights-of-way, surface use agreements, licenses, servitudes, rights-of-way and other rights and/or interests appurtenant to, and used or held for use in connection with, the Lease, Lands, Unit and Facilities ("Surface Rights"); and

(f)   All interests and rights of whatever kind or nature in all farmin, farmout, joint operating agreements and other agreements and contracts of whatever kind or character affecting, associated with or pertaining to the Lease, Lands, Unit, Facilities and Surface Rights, or any part thereof (collectively, "Contracts").

Notwithstanding anything herein to the contrary, this Assignment is given without warranty of title, express or implied, with respect to the Assets.

Assignor and Assignee shall execute, acknowledge and deliver to the other such further instruments, and take such other action, as may be reasonably necessary or requested in order to more effectively assure to said other party all of the respective properties, rights, titles, interests, estates and privileges intended to be assigned, delivered or inuring to the benefit of such other party in consummation of the conveyance contemplated hereby.

TO HAVE AND TO HOLD the Assets unto Assignee forever. The provisions of this Assignment shall be covenants running with the Assets and shall inure to the benefit of and be binding upon Assignor, Assignee, and their respective permitted successors and assigns.

IN WITNESS HEREOF, Assignor has executed this Assignment on the date of the acknowledgement hereto, but to be effective for all purposes from and after the Effective Date.

ASSIGNOR:

_____
M. Stephen Peters, Chapter 7 Trustee for
1280 Horizons, LLC, a Delaware limited
liability company

STATE OF _____ )
                                ) ss
COUNTY OF _____ )

The foregoing instrument was acknowledged, signed and subscribed before me this ____ day of _____ 2017, by M. STEPHEN PETERS, who represented that he was duly authorized to execute the foregoing instrument for the uses and purposes set forth therein.

WITNESS my hand and official seal.

Print Name: _____
Notary Public
State of _____
My commission expires: _____

# EXHIBIT "1"

**Attached to and made a part of that certain Assignment of Oil and Gas Lease dated _____, 2017, by and between M. Stephen Peters, the Bankruptcy Trustee for 1280 Horizons, LLC, as Assignor, and Shoreline Energy Holdings II, Inc., as Assignee**

### LEASES

1. Oil and Gas Lease dated March 9, 1982 and recorded on March 22, 1982, at Reception No. 1886156, of the records of Weld County, Colorado, from the Town of Mead, as original lessor, to Calvin Petroleum Corporation, as original lessee

### LANDS

Township 3 North, Range 68 West, 6th P.M.
Section 8: E/2SW/4